## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DONZELL A. JONES,**

      **Plaintiff,**

      **v.**                                   **CASE NO. 20-3130-SAC**

**UNITED STATES MARSHALS SERVICE,**
**et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights complaint under 28 U.S.C. § 1331.  Plaintiff is a pretrial detainee housed at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas ("CoreCivic").  The Court granted Plaintiff leave to proceed *in forma pauperis*.  (Doc. 6.)  On July 21, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 8) ("MOSC") granting Plaintiff an opportunity to show cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC.  This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 9).  The Court's screening standards are set forth in the MOSC.

Plaintiff seeks to be released to home confinement pending his criminal trial.  Plaintiff alleges that he has hypertension and is at a heightened risk of contacting COVID-19.  Plaintiff alleges that there are two positive cases of COVID-19 at CoreCivic and Defendants' refusal to release him constitutes deliberate indifference to his serious medical needs.

Plaintiff's Amended Complaint fails to address the deficiencies set forth in the MOSC.  In the MOSC, the Court found that Plaintiff acknowledged that his motion to be released in his criminal case in the Western District of Missouri was denied by the judge presiding over his case

and that the Warden and the U. S. Marshals are following a valid order from the court.  Also, Plaintiff failed to indicate how the defendants personally participated in the violation of his constitutional rights.  Plaintiff also failed to show that any defendant was deliberately indifferent regarding his safety.

Plaintiff's request for relief in his Amended Complaint seeks to be temporarily released to home confinement pending his criminal trial.  The Court found in the MOSC that Plaintiff's claim that he is entitled to release is without merit.  "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Prieser v. Rodiguez*, 411 U.S. 475, 488-490 (1973)).  Therefore, Plaintiff's request for release is not cognizable in a claim brought pursuant to *Bivens*.  If Plaintiff wishes to pursue release, he must file a petition for writ of habeas corpus or seek relief in his underlying criminal case.  The Court also cautioned Plaintiff that he must exhaust his administrative remedies prior to bringing a civil rights action.  Plaintiff noted on his Complaint that he has not exhausted his administrative remedies.

Plaintiff also seeks "no less than six million dollars in compensatory and punitive damages." (Doc. 9, at 17.)  Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Plaintiff seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"  *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

2

Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

Plaintiff adds two federal judges from the Western District of Missouri and Ronald L. Miller from the USMS as defendants in his Amended Complaint.  The Court previously noted that the marshals were following valid court orders when confining Plaintiff.  In addition, the federal judges are entitled to immunity.  The Tenth Circuit in *Peterson v. Timme*, held that the claims asserted against a federal judge were precluded by the doctrines of sovereign and judicial immunity.  *Peterson v. Timme*, 621 F. App'x 536, 540 (10th Cir. 2015) (unpublished).  The Tenth Circuit held that "[s]overeign immunity divests the court of jurisdiction to entertain any official-capacity claims[,] . . . [j]udicial immunity shields the judge from any individual-capacity claims for money damages, and injunctive relief is unavailable because [plaintiff] complains of acts that were subject to appellate review."  *Id.*; *see also Falice v. United States*, Case No. CIV-16-1204-HE, 2016 WL 7187505, at n.7 (W.D. Okla. Oct. 25, 2016) (noting that *Peterson* addressed judicial immunity for *Bivens* claim seeking monetary damages and recognizing "colorable argument" that immunity extends to claim for injunctive relief);  *Mehdipour v. Purcell*, 173 F. Supp. 2d 1165, 1167 (W.D. Okla. 2001), *aff'd sub nom. Mehdipour v. Okla. Court of Civil Appeals*, 62 F. App'x 203 (10th Cir. 2003) (unpublished)), *cert. denied* 540 U.S. 1056 (2003) ("Without any Supreme Court or Tenth Circuit case to the contrary and in reliance upon decisions from the Sixth, Ninth, and Eleventh Circuits, this court holds that federal judges are absolutely immune from equitable relief under *Bivens*.") (citations omitted); *Grigsby v. Marten*, Case No. 15-3282-SAC-DJW, 2016 WL 2941387, at *2 (D. Kan. May 20, 2016) (stating that the court is of the opinion that the doctrine of absolute judicial immunity protects federal judges from injunctive relief and that the relief sought is not properly litigated in a civil rights complaint); *Woods v. Osburn*, Case No. 12-3094-

SAC, 2018 WL 10152550, at *2 (D. Kan. Dec. 11, 2018) (to the extent claim against federal judge may be construed as a civil rights claim arising under *Bivens*, the claim is barred by absolute judicial immunity and *Heck v. Humphrey*).

The Court's MOSC provided that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice." Plaintiff's Amended Complaint fails to cure the deficiencies set forth in the MOSC and fails to state a claim.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated September 15, 2020, in Topeka, Kansas.**

<u>**S/ Sam A. Crow**</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**